UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:
STEVE A. CLAPPER & ASSOCIATES OF
FLORIDA,

           Debtor.
_____/

THOMAS S. HEIDKAMP, TRUSTEE IN
BANKRUPTCY FOR STEVE A. CLAPPER &
ASSOCIATES OF FLORIDA,

           APPELLANT,

vs.                              Case No.   2:04-cv-424-FtM-33DNF

CAPITOL INDEMNITY CORPORATION,

           APPELLEE.
_____/

## ORDER

This cause comes before the Court on appeal from the Bankruptcy Court's Order dated July 9, 2004, which dismissed the Trustee's Notice of Appeal as Untimely (B.R. Doc. #42) and the July 30, 2004, Order (B.R. Doc. #48), which denied the Trustee's Motion for Reconsideration and for Extension to File Notice of Appeal.[1]

---

[1] In his Notice of Appeal, the Trustee included the May 4, 2004, Agreed Final Judgment of the Bankruptcy Court (B.R. Doc. #39) as an Order that he was appealing. However, in his Statement of the Issues, the Trustee only included the June 9 and July 30, 2004, Orders, not the May 4, 2004, Order. In his prayer for relief, the Trustee has asked this Court to reverse the Bankruptcy Court's June 9, 2004, and July 30, 2004, Orders and allow the appeal to proceed or to remand this case to the Bankruptcy Court so that a determination of excusable neglect could be made. Thus, this opinion deals with the propriety of the Bankruptcy Court's June 9,
                                                        (continued...)

Appellant, Thomas S. Heidkamp, Trustee in Bankruptcy for Steve A. Clapper & Associates of Florida, filed an initial brief (Doc. #5) on September 9, 2004. On September 17, 2004, Appellee, Capitol Indemnity Corporation, filed its response brief (Doc. #8) and Heidkamp filed its reply brief (Doc. #10) on September 22, 2004.

I.   JURISDICTION

This Court functions as an appellate court in reviewing a decision of the Bankruptcy Court. 28 U.S.C. § 158(a)(2005); Lightner v. Lohn, 274 B.R. 545, 548 (M.D. Fla. 2002), aff'd, 52 Fed.Appx. 493 (11th Cir. Sept. 30, 2002)(Table, No. 02-11629). The district court has jurisdiction over final orders and interlocutory orders with leave of the district court. In re The Charter Co., 778 F.2d 617, 620 n.4 (11th Cir. 1985). "A final decision is generally 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Id. at 621;(quoting Catlin v. United States, 324 U.S. 229, 233 (1945). An order which denies a motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8002(c) is a final order. Belface v. Black River Petroleum, Inc. (In re Hess), 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997).

---

[1](...continued)
2004 and July 30, 2004 Orders, and only indirectly deals with the May 4, 2004, Order.

## II. STANDARD OF REVIEW

In an appellate bankruptcy proceeding, findings of law are reviewed *de novo*. In re Kalter, 292 F.3d 1350, 1352 (11th Cir. 2002). Findings of fact are reviewed under a clearly erroneous standard. FED. R. BANKR. P. 8013; In re McDermott, 286 B.R. 913, 914 (M.D. Fla. 2002). A bankruptcy court's decision to deny a motion for extension of time to file a notice of appeal is reviewed for abuse of discretion. Belface, 209 B.R. at 80. Likewise, a bankruptcy court's decision to deny a motion for reconsideration is reviewed pursuant to the abuse of discretion standard. See, e.g., Determan v. Sandoval (In re Sandoval), 186 B.R. 490, 493 (B.A.P. 9th Cir. 1995).

## III. BACKGROUND

This case began on August 11, 1999, when the Debtor, Steve A. Clapper & Associates, filed its Voluntary Petition for Relief pursuant to Chapter 11 in the United States Bankruptcy Court. Shortly thereafter, on November 17, 1999, the Chapter 11 was converted to a Chapter 7 liquidation and Heidkamp was appointed the Trustee. Since that time Heidkamp has resigned as Trustee and has been replaced by Angela Stathopolous.

Capitol Indemnity filed a three count Adversary Complaint (B.R. Doc. #1) on July 17, 2000, in which it sought the return of monies paid to the Trustee as progress payments on two construction projects for which Clapper was the general contractor and Capitol

Indemnity served as the Surety. Cross Motions for Summary judgment as to Counts I and II of the Adversary Complaint were filed by both the Trustee and Capitol Indemnity. (B.R. Docs. #11 and 12.) Initially, the Bankruptcy Court denied both Motions for Summary Judgment. (B.R. Doc. #13.) However, on June 19, 2001, the Bankruptcy Court granted the Trustee's Motion for Summary Judgment. (B.R. Doc. #17.)

Capitol Indemnity appealed the Order and on May 5, 2003, the District Court reversed the Bankruptcy Court's Order and granted Summary Judgment in favor of Capitol Indemnity. (B.R. Doc. #31.) In turn, the Trustee appealed the District Court's Order to the Eleventh Circuit. Capitol Indemnity moved to dismiss the appeal on the grounds that the Eleventh Circuit lacked jurisdiction since the Summary Judgment Order was not a final appealable order. The basis of Capitol Indemnity's argument was that at the time that the Bankruptcy Court entered its Order granting Summary Judgment, there had not yet been a ruling on Count III of the Adversary Complaint. The Eleventh Circuit granted the motion and the appeal was dismissed on jurisdictional grounds. (Doc. #5 at 10-11.)

The parties stipulated to an Agreed Final Judgment which was entered by the Bankruptcy Court on May 4, 2004. (B.R. Doc. #39.) The Agreed Final Judgment, which preserved the appellate rights of the parties, included a dismissal of Count III so that the jurisdictional impediment that previously existed could be cured.

On June 2, 2004, the Trustee filed a Notice of Appeal (B.R. Doc. #41) as to the Agreed Final Judgment and on June 9, 2004, the Bankruptcy Court entered an Order Dismissing the Appeal for Untimeliness (B.R. Doc. #42). The Trustee followed this up with the filing on June 15, 2004, of a Motion for Reconsideration and Motion for Extension of Time to File Notice of Appeal. (B.R. Doc. #45.) These motions were denied on July 30, 2004, after a hearing. (B.R. Doc. #48.) The Trustee, on August 9, 2004, filed his Notice of Appeal. (B.R. Doc. #50.)

**IV. ANALYSIS**

Pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, a "notice of appeal shall be filed with the clerk within 10 days of the entry of the judgment, order, or decree appealed from." The ten day period begins to run from the date the appealed order is entered, not the date it was served or received by the appellant. Williams v. EMC Mortgage Corp. (In re Williams), 216 F.3d 1295, 1297 n.3 (11th Cir. 2000). Weekends are not excluded from the time computation. Id.; FED. R. BANKR. P. 9006(a). A Notice of Appeal is deemed to be filed on the day that it is docketed with the Court. See In re Bad Bubba Racing Products, Inc., 609 F.2d 815, 816 (5th Cir. 1980).

Under Federal Rule of Bankruptcy Procedure 8002(a), the Trustee's Notice of Appeal as to the Agreed Final Judgment should have been filed with the Clerk of the Court no later than May 14,

2004. In fact, the Trustee filed the Notice of Appeal on June 2, 2004, resulting in an untimely filing. (B.R. Doc. #41.) The District Court lacks jurisdiction to hear an appeal if the notice of appeal is not timely filed. Williams, 216 F.3d at 1298. Thus, this Court does not have jurisdiction to review the Bankruptcy Court's May 4, 2004, Order.

Federal Rule of Bankruptcy Procedure 8002(c) does, however, provide a mechanism for relief for those seeking an extension of time. Pursuant to that provision, a motion for extension of time "filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Thus, the Trustee would have had the opportunity, up to and including June 3, 2004, to have filed a Motion for Extension of Time. For whatever reasons, the Trustee did not choose this path. Rather, the Trustee filed a Notice of Appeal on June 2, 2004, and it was only on June 15, 2004, well after the June 3, 2004, deadline that a Motion for Extension of Time was filed.

The Trustee argued to the Bankruptcy Court at the July 22, 2004, hearing that the Notice of Appeal, filed on June 2, 2004, should be treated as a timely filed Motion for Extension of Time. Eleventh Circuit case law, however, calls for a different result. See, e.g., Williams, 216 F.3d at 1295, 1297-98, where the Court determined that a tardy notice of appeal, filed late due to

excusable neglect, could not be construed as a timely filed motion for extension of time.

Had the Trustee's motion for extension of time been timely filed, the Bankruptcy Court would have then been obligated to consider whether excusable neglect for the late filing had been shown. In this case, because the Motion for Extension of Time was filed beyond the 20 day grace period, the Bankruptcy Court did not need to reach the issue of whether the Trustee had shown excusable neglect for the tardy filing. Likewise, this Court need not reach this issue.

## V. CONCLUSION

For the foregoing reasons, the Bankruptcy Court's June 9, 2004, Order Dismissing Appeal for Untimeliness (B.R. Doc. #42) and July 30, 2004, Order Denying Motion for Reconsideration and/or Review of the Bankruptcy Court's Order dated June 9, 2004 Dismissing Appeal for Untimeliness and Motion for Extension to File Notice of Appeal (B.R. Doc. #48), are hereby AFFIRMED.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 21st day of July, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record