UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:
STEVE A. CLAPPER & ASSOCIATES OF
FLORIDA,

                              Debtor.
_____/

ANGELA STATHOPOLOUS, AS SUCCESSOR
TRUSTEE OF THOMAS S. HEIDKAMP,
TRUSTEE IN BANKRUPTCY FOR STEVE A.
CLAPPER & ASSOCIATES OF FLORIDA,

                              Appellant,

vs.                                Case No.   2:04-cv-424-FtM-33DNF
                                           Bankr. No. 9:99-bk-13102-ALP
                                           Adversary No.   00-438

CAPITOL INDEMNITY CORPORATION,

                              Appellee.
_____/

**<u>ORDER</u>**

This matter comes before the Court pursuant to the Eleventh Circuit Court of Appeals' Order (Doc. # 20), remanding this appeal to the district court, which was filed in this Court on November 28, 2005.

The Eleventh Circuit's Order requires that this Court vacate its July 21, 2005 Order that affirmed the bankruptcy court's June 9, 2004 dismissal of Appellant Trustee's appeal and also affirmed the bankruptcy court's July 30, 2004 denial of Appellant Trustee's motion for reconsideration and motion for extension of time to file an appeal. The Eleventh Circuit's Order further requires that this Court review the bankruptcy court's July 30, 2004 Order.

**Procedural History**

This case began on August 11, 1999, when the Debtor, Steve A. Clapper & Associates, filed its voluntary petition for relief pursuant to Chapter 11 in the United States Bankruptcy Court. Shortly thereafter, on November 17, 1999, the Chapter 11 was converted to a Chapter 7 liquidation, and Thomas S. Heidkamp was appointed as Trustee. Since that time, Heidkamp has resigned as Trustee and has been replaced by Angela Stathopolous.

Capitol Indemnity filed a three count adversary complaint (B.R. Doc. # 1) on July 17, 2003, in which it sought the return of monies paid to Trustee as progress payments on two construction projects for which Clapper was the general contractor and Capitol Indemnity served as the Surety. Cross motions for summary judgment as to Counts I and II of the adversary complaint were filed by both Trustee and Capitol Indemnity (B.R. Docs. # 11 and 12). Initially, the bankruptcy court denied both motions for summary judgment (B.R. Doc. # 13); however, on June 19, 2001, the bankruptcy court granted Trustee's motion for summary judgment (B.R. Doc. # 17).

Capitol Indemnity appealed the Order, and on May 5, 2003, the district court reversed the bankruptcy court's Order and granted summary judgment in favor of Capitol Indemnity (B.R. Doc. # 31). In turn, Trustee appealed the district court's order to the Eleventh Circuit. Capitol Indemnity moved to dismiss the appeal on the grounds that the Eleventh Circuit lacked jurisdiction since the

summary judgment Order was not a final appealable order.  The basis of Capitol Indemnity's argument was that at the time that the bankruptcy court entered its Order granting summary judgment, there had not yet been a ruling on Count III of the adversary complaint.  The Eleventh Circuit granted the motion, and the appeal was dismissed on jurisdictional grounds (Doc. # 5 at 10-11).

The parties stipulated to an agreed final judgment, which was entered by the bankruptcy court on May 4, 2004 (B.R. Doc. # 39). The agreed final judgment, which preserved the appellate rights of the parties, included a dismissal of Count III so that the jurisdictional impediment that previously existed could be cured. On June 2, 2004, Trustee filed a notice of appeal (B.R. Doc. # 41) as to the agreed final judgment, and on June 9, 2004, the bankruptcy court entered an Order dismissing the appeal for untimeliness (B.R. Doc. # 42).  Trustee then filed a motion for reconsideration and motion for extension of time to file notice of appeal on June 15, 2004 (B.R. Doc. # 45).  Trustee's motion for reconsideration and motion for an extension of time were denied on July 30, 2004, after a hearing (B.R. Doc. # 48).  Trustee, on August 9, 2004, filed a Notice of Appeal (B.R. Doc. # 50).

The appeal was opened in the district court on August 17, 2004.  Trustee filed a statement of issues presented on appeal, which defined the issue on appeal as follows:

> Whether the Bankruptcy Court erred in dismissing Trustee's Notice of Appeal as Untimely, denying Trustee's

> Motion for Rehearing/Reconsideration of the Dismissal of the Notice of Appeal, and by failing to grant Trustee's Motion for Extension of Time to file a notice of appeal upon a showing of excusable neglect pursuant to F.R.B.P. 8002(c).

(Doc. # 15).

After briefing by the parties, this Court entered an Order dated July 21, 2005 (Doc. # 11), which affirmed the bankruptcy court's June 9, 2004 Order dismissing appeal for untimeliness (B.R. Doc. # 42) and also affirmed the bankruptcy court's July 30, 2004 Order denying Trustee's motion for reconsideration and motion for extension to file notice of appeal (B.R. Doc. # 48). Judgment in favor of Appellee was entered by this Court on July 22, 2005 (Doc. # 12).

Trustee then appealed this Court's above-described Order of July 21, 2005 to the Eleventh Circuit (Doc. # 13). On November 25, 2005, the Eleventh Circuit issued an Order that remanded this matter back to this Court (Doc. # 20).

**<u>Analysis</u>**

As stated above, the Eleventh Circuit's Order requires that this Court vacate its July 21, 2005 Order affirming the bankruptcy court's June 9, 2004 and July 30, 2004 Orders. The Eleventh Circuit's Order further requires that this Court review the bankruptcy court's July 30, 2004 Order. As the Eleventh Circuit's Order is clear as to the scope of this Court's review, this Court will address only the bankruptcy court's July 30, 2004 Order.

The Eleventh Circuit has explained that Trustee's motion for reconsideration should have been construed as a Federal Rule of Civil Procedure 60(b) motion.[1] Specifically, the Eleventh Circuit instructed:

> The Trustee's motion to reconsider should have been construed as a timely Fed.R.Civ.P. 60(b) motion, and as such, is appealable. See, Fed.R.Bankr.P. 9024; Rice v. Ford Motor Co., 88 F.3d 914, 918-19 (11th Cir. 1996); Glass v. Seaboard Coast Line R.R. Co., 714 F.2d 1107, 1109 (11th Cir. 1983). The denial of the motion for an extension of time to file an appeal is a final order that is appealable. Advance Estimating Sys., Inc. v. Riney,

---

[1] Federal Rule of Civil Procedure 60(b) states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. Section 1655, or to set aside a judgment for fraud upon the court.

>130 F.3d 996, 997-99 (11th Cir. 1997)(reviewing grant); <u>Advance Estimating Sys., Inc. v. Riney</u>, 77 F.3d 1322, 1323-25 (11th Cir. 1996)(reviewing denial); <u>Williams v. United States</u>, 553 F.2d 420, 422-23 (5th Cir. 1977)(reviewing denial).

(Doc. # 20 at 2).

**<u>Standard of Review</u>**

Upon entry of a final order by the bankruptcy court, a party may appeal to the district court pursuant to 28 U.S.C. § 158(a). The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. <u>In re Colortex Indus., Inc.</u>, 19 F.3d 1371, 1374 (11th Cir. 1994). Thus, while the Court reviews <u>de novo</u> the legal conclusions of the bankruptcy court, <u>In re JLJ, Inc.</u>, 988 F.2d 1112, 1116 (11th Cir. 1993), under Federal Rule of Bankruptcy Procedure 8013, "findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." <u>See</u> <u>In re Thomas</u>, 883 F.2d 991, 994 (11th Cir. 1989), <u>cert. denied</u>, 497 U.S. 1007 (1990). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." <u>Crawford v. W. Elec. Co., Inc.</u>, 745 F.2d 1373, 1378 (11th Cir. 1984)(citing <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364 (1948)). More specifically to this case, decisions

concerning excusable neglect and the denial of a motion for an extension of time are reviewed for abuse of discretion. <u>Advanced Estimating Sys., Inc.</u>, 77 F.3d at 1325.

This Court must examine whether the bankruptcy court abused its discretion when it denied Trustee's motion for reconsideration and motion for an extension of time. The issue here is whether excusable neglect, as required by Fed.R.Bankr.P. 8002(c), existed with regards to Trustee's untimely notice of appeal (B.R. Doc. # 51).[2] The United States Supreme Court in <u>Pioneer Investments Services Co. v. Brunswick Assoc. Ltd. Partnership</u>, 507 U.S. 380, 395 (1993), named several factors for courts to consider in determining whether neglect is excusable.[3] Although the <u>Pioneer</u> case dealt with late filings of proofs of claim in Chapter 11 cases, rather than late filings of notices of appeal as in this

---

[2] Federal Rule of Bankruptcy Procedure 8002(c) states:

A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

[3] In <u>In re Katzman</u>, 207 B.R. 295, 298 (Bankr. M.D. Fla. 1997), the bankruptcy court applied the <u>Pioneer</u> factors in determining whether to grant a motion for extension of time to file a notice of appeal.

case, this Court will utilize the following factors named in Pioneer to determine whether the bankruptcy court abused its discretion in denying Trustee's motion: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

The transcript of the hearing held on July 22, 2004 before the bankruptcy court demonstrates that the court heard arguments on the elements stated above. At the end of the hearing, the court took the motion under advisement. The court entered its Order denying Trustee's motion for reconsideration and motion for extension of time on July 30, 2004. The Order does not provide any factual or legal analysis.

In Trustee's motion for reconsideration and motion for an extension of time to file the notice of appeal, Trustee argued that its failure to timely file the notice of appeal was excusable because (1) Trustee's counsel did not receive the final judgment until eight days after it was issued by the bankruptcy court; (2) Trustee's counsel mistakenly thought that Federal Rule of Appellate Procedure 4, which provides a thirty day time frame for filing a notice of appeal, governed (rather than Federal Bankruptcy Rule of Procedure 8002(a), which requires a notice of appeal to be filed within ten days of the issuance of judgment); and (3) the Surety's

prior appeal to the district court cited 28 U.S.C. § 158(a)(1), the final appealable judgment provision, as the basis for its jurisdiction to the district court, which subsequently left the parties in an "appellate quandary." (B.R. Doc. # 45 at 3). Trustee's motion for reconsideration also highlights the fact that the final judgment, which is the subject of the notice of appeal, contains the following language: "Each party acknowledges and agrees that its consent to the entry of this Final Judgment, and the consent of the other party hereto, is not a waiver of any appellate rights and specifically acknowledges that it is the intent of each party to preserve any and all appellate rights." (B.R. Doc. # 39 at 3).

As argued by Trustee, the <u>Pioneer</u> factors could indeed be interpreted to find that Trustee's late filing was the result of excusable neglect. However, it is not this Court's role to make independent factual findings. <u>In re Colortex Indus.</u>, 19 F.3d at 1374 (in the context of a bankruptcy appeal, "the district court makes no independent factual findings"). The issue of whether excusable neglect existed is best decided by the bankruptcy court, the court with first-hand knowledge of the facts of this case.

Upon review, this Court remands the bankruptcy court's July 30, 2004 Order to the bankruptcy court to determine on the record whether excusable neglect existed with regard to Trustee's untimely filed notice of appeal.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This Court's Order of July 21, 2005 (Doc. # 11) is vacated.

(2) The decision of the bankruptcy court dated July 30, 2004, which denied Trustee's motion for reconsideration and extension of time, is remanded to the bankruptcy court to determine whether excusable neglect existed.

(3) The Clerk shall transmit a certified copy of this Order to the Clerk of the Bankruptcy Court and close the appeal file.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this <u>10th</u> day of March, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Alexander L. Paskay, United States Bankruptcy Judge